**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARINE GEOTECHNICS, LLC, | } | |
| Plaintiff, | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. H-07-3499 |
| | } | |
| ALEJANDRO C. ACOSTA, d/b/a QUEST | } | |
| VERITAS GEOSCIENCES; STEPHEN C. | } | |
| MUMFORD, d/b/a QUEST VERITAS | } | |
| GEOSCIENCES; SANJEEVE RAI, d/b/a | } | |
| COASTAL MARINE CONSTRUCTION & | } | |
| ENGINEERING, LTD.; COASTAL MARINE | } | |
| CONSTRUCTION & ENGINEERING, LTD.; | } | |
| ALFREDO REYNOSO DURAND, d/b/a | } | |
| BLUE MARINE TECHNOLOGY – | } | |
| OFFSHORE SERVICES/SUBTEC;  BLUE | } | |
| MARINE TECNOLOGY-OFFSHORE | } | |
| SERVICES/SUBTEC; GARETH WILLIAMS, | } | |
| d/b/a PROBEX EXPLORATION SERVICES, | } | |
| LTD.; and PROBEX EXPLORATION | } | |
| SERVICES, LTD., | } | |
| Defendants. | } | |

## OPINION & ORDER

Pending before the court is Plaintiff Marine Geotechnics, LLC's ("MGLLC's") motion to remand (Doc. 5).  Defendants Gareth Williams ("Williams"), Probex Exploration Services, Ltd. ("Probex"), and Stephen C. Mumford ("Mumford") (collectively, the "Removing Defendants") have filed a response (Doc. 7), to which MGLLC has replied (Doc. 11).  The Removing Defendants have also filed a sur-response (Doc. 12).  For the reasons explained below, the court ORDERS that MGLLC's motion is DENIED.

## I.        BACKGROUND AND RELEVANT FACTS

The dispute in this case concerns a geotechnical project in the Gulf of Mexico for Pemex, the Mexican national oil company (the "Pemex Project").  MGLLC, a Texas limited

liability company doing business in Harris County, Texas, is a geotechnical consulting firm. (*See* Pl.'s Orig. Pet. ¶ 15, Doc. 1 Ex. A). According to its original petition, MGLLC alleges that, in 2005, it entered into a "joint venture" with Coastal Marine Construction & Engineering Ltd. ("COMACOE"), Blue Marine Technology-Offshore Services/Subtec[1] ("Subtec"), Probex, Mumford, Williams, and Alejandro C. Acosta ("Acosta") to bid on the Pemex Project. (*Id.*). For its part in the project, MGLLC performed geotechnical analysis of ocean floor samples by providing laboratory personnel and equipment. (*Id.*). According to MGLLC, the "joint venture was to be carried on through an entity called Quest Veritas Geosciences or QVG which was to be a newly formed Texas Corporation." (*Id.*).

MGLLC claims that, at the request of Mumford, Williams, and Acosta, it ordered additional equipment and supplies for QVG's use, "with the understanding that QVG would pay for these goods." (*Id.* at ¶ 16). MGLLC alleges that it has not been paid for the personnel and equipment that it provided. (*Id.*).

On January 23, 2007, MGLLC filed suit against Acosta, d/b/a QVG; Mumford, d/b/a QVG; Sanjeeve Rai ("Rai"), d/b/a COMACOE; COMACOE; Alfredo Reynoso Durand ("Durand"), d/b/a Subtec; Subtec; Williams, d/b/a Probex; and Probex in state court in Harris County, Texas. In its original petition, MGLLC asserted causes of action for breach of contract, *quantum meruit*, breach of fiduciary duty, conversion, negligence, tortious interference, and fraud, as well as a request for its attorney's fees.

Acosta, a resident of Harris County, Texas, was served with process on March 26, 2007, and, thus, was the first defendant served. (*See* Return of Service, Doc. 5 Ex. A). It is undisputed that Acosta is, for diversity purposes, a citizen of Texas.

---

[1]    It appears this entity was misnamed in Plaintiff's original petition. In MGLLC's first amended original complaint (Doc. 17), the correct name is "Subtec, S. A. De C.V." For the sake of simplicity, the court shall continue to refer to this entity as "Subtec."

MGLLC claims that the Removing Defendants, foreign residents, were served with process on August 7, 2007, in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention").  (*See* United Kingdom Central Authority Certificates of Service, Doc. 5 Exs. B-D).   Mumford, a British citizen with legal residency in the United Kingdom, states that he has never been served with, and to date has never actually received, a copy of MGLLC's original petition.  (Mumford Decl. at ¶¶ 1-2, Doc. 7 Ex. 2).   Williams, a British citizen with legal residency in France, is the owner and operator of Probex, a British limited liability company organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.  (Williams Decl. at ¶¶ 1-2, Doc. 7 Ex. 3).   He states that he did not receive a copy of the service papers until October 15, 2007, and only then via regular mail.  (Id. at ¶¶ 3-4).

The discrepancy appears to lie with the person on whom service was effectuated. The Certificates of Service indicate that "Alice Leyland" ("Leyland") was served with Plaintiff's petition as "Company Secretary" for the Removing Defendants.  (*Id.*).   Mumford claims that he does not know who Leyland is and has not authorized her, or anyone else, to accept service of process on his behalf.  (Mumford Decl. at ¶ 4, Doc. 7 Ex. 2).   He believes that Leyland has returned the service of process papers to the Foreign Process Section of the Supreme Court of England and informed the section that she is not authorized to accept service on his behalf.  (*Id.* at ¶ 5).   Similarly, Williams states that Leyland is not directly affiliated with Probex but rather works at the office of "UKPLC," the company secretary for Probex.  (*Id.* at ¶ 5).   According to Williams, neither Leyland nor UKPLC is authorized to accept service of process on his behalf individually.  (*Id.*).   He further believes that Leyland returned the service of process papers that

were addressed to Williams individually back to the Foreign Process Section of the Supreme Court of England and informed the section that she is not authorized to accept service on his behalf.   (*Id.* at ¶ 7).   Thus, the Removing Defendants claim that they did not actually receive notice of the suit until October 15, 2007, at the earliest.

On October 23, 2007, the Removing Defendants filed a notice of removal based solely on diversity jurisdiction under 28 U.S.C. § 1332.  They assert that Acosta, the non-diverse defendant, was improperly joined in order to defeat diversity jurisdiction.  The primary dispute concerns MGLLC's characterization of the Pemex Project.  The Removing Defendants claim that MGLLC was hired by COMACOE "to perform limited geotechnical services in Mexico in conjunction with its Mexican counterparts, the [Subtec] Defendants, as part of a Mexican bid-award contract for work on a Pemex platform, also in Mexico." (Removing Defendants' Resp. at 1, Doc. 7).  Acosta avers that he was hired by COMACOE to assist it in the Pemex Project and that he acted at all times as COMACOE's disclosed agent.  (*See* Acosta Decl. at ¶¶ 3-5, Doc. 7 Ex. 1).  Moreover, Acosta claims, "all payments for any goods or services would be made by COMACOE, and the only real interaction either [he] or [QVG] had with the Plaintiff was one transfer of $30,000.00 on behalf of COMACOE in India to the Plaintiff." (*Id.* at ¶ 7).  Acosta further asserts that neither he nor QVG ever (1) entered into any agreements, joint ventures, partnerships, or other similar arrangements with MGLLC; (2) ordered or requested any equipment or services from MGLLC; (3) received a demand for payment from Plaintiff in Acosta's individual capacity; (4) entered into an agreement of good faith, trust, or special fiduciary relationship with MGLLC; (5) removed any parts, supplies, or equipment belonging to MGLLC from any vessel or assumed liability for such parts, supplies, or equipment; or (6) made any representations to MGLLC that QVG would be turned into a Texas corporation.  (*Id.* at ¶¶ 8-

15).  Finally, Acosta claims that QVG was never intended to be an independent corporation; rather, it was set up solely as a d/b/a to transfer assets from COMACOE in India to the United States and Mexico.  (*Id.* at ¶ 16).

MGLLC has moved to remand the case to state court, arguing that (1) Acosta was properly joined in this case, so complete diversity does not exist; and (2) the Removing Defendants' notice of removal was not timely filed.

After filing the motion to remand, MGLLC filed it first amended original complaint (Doc. 17).  The amended complaint adds QVG as a defendant[2] and asserts causes of action against QVG; Acosta, d/b/a QVG; Mumford, d/b/a QVG; Rai, d/b/a COMACOE; COMACOE; Durand, d/b/a Subtec; Subtec; Williams, d/b/a Probex; and Probex for breach of contract, *quantum meruit*, conversion, negligence, and fraud.  MGLLC also clarifies the factual basis for its recovery.  MGLLC now alleges that Subtec, COMACOE, and an entity named C&C Technologies, Inc. ("C&C") formed a joint venture whereby (1) Subtec communicated with and invoiced and collected payment from Pemex and the Mexican government; (2) COMACOE acquired geotechnical data; and (3) C&C acquired geophysical data.  (*See* Pl.'s 1st Am. Orig. Compl. at ¶16, Doc. 17).  MGLLC contends that QVG was formed to assist COMACOE in providing services to the joint venture.  (*Id.* at ¶ 17).  MGLLC alleges that it agreed with QVG to perform geotechnical analysis for the joint venture and the Pemex Project "in exchange for monetary compensation from QVG."  (*Id.* at ¶ 20).  MGLLC contends that QVG owes it compensation for services rendered.  (*Id.* at ¶¶ 23-24).

---

[2]	Defendants QVG, Rai, COMACOE, Durand, and Subtec have not yet filed an appearance.  According to the docket sheet, summons were issued on May 13, 2008, to Rai, COMACOE, Durand, and Subtec.  On May 21, 2008, the Texas Secretary of State served the summons and amended complaint on Durand and Subtec, and, to date, no response has been received.  (*See* Docs. 19 and 20).  On May 23, 2008, the Texas Secretary of State served the summons and the amended complaint on Rai and COMACOE, and, to date, no response has been received.  (*See* Docs. 21 and 22).  QVG has not been served.

## II.    DISCUSSION

### A.    Improper Joinder

A party seeking to invoke the federal courts' removal jurisdiction by alleging fraudulent or improper joinder "bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).  To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).  The first method is not applicable in this case because the Removing Defendants have not alleged actual fraud in the pleading of jurisdictional facts.  Under the second method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

There are two ways by which to resolve the issue.  First, the court may conduct a "Rule 12(b)(6)-type" analysis by examining the allegations of the complaint to determine whether a claim under state law has been stated against the in-state defendant. *Id.*   Second, the court may "pierce the pleadings" and consider "summary judgment-type" evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]   *Id.*  In this second inquiry, the court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged

factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 648-49.

The district court, when reviewing a claim of improper joinder, "must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson*, 99 F.3d 751 (citing *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)). After the district court resolves all disputed questions of fact and all ambiguities of the controlling law in favor of the plaintiff, the court will then determine if a party has any possibility of recovery against the party whose joinder is questioned. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Burden*, 60 F.3d at 216. Therefore, if the court finds any reasonable possibility that the plaintiff has a cause of action against any non-diverse defendant, the district court must remand the case. *See Sid Richardson*, 99 F.3d at 751-752.

It is undisputed that if Acosta was not improperly joined, then complete diversity does not exist and the court lacks jurisdiction.[3] The issue is whether, given the standards outlined above, there is a reasonable basis to predict that MGLLC might be able to recover against Acosta individually or his d/b/a, QVG. Piercing the pleadings, the court concludes that there is no reasonable basis to predict that MGLLC might be able to recover against Acosta or QVG.

First, MGLLC has not rebutted the evidence that Acosta and his d/b/a QVG were the disclosed agents for the disclosed principal, COMACOE. Under Texas law, a disclosed

---

[3] Although the manner in which the citizenship of a limited liability company such as MGLLC is determined for diversity purposes is unsettled in this circuit, the court need not resolve the issue because MGLLC is a citizen of Texas applying either the limited partnership (citizenship determined by the citizenship of its members) or the corporation (citizenship determined by its state of incorporation or principle place of business) standard for determining diversity.

agent is generally not liable on a contract entered into with a third party on behalf of a disclosed

principal. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 428

(5th Cir. 2004). This general rule may be overcome, however, "when the agent expressly or

implicitly accepts liability." *Id.* at 431. Acosta has affirmatively denied having accepted such

liability. (*See* Acosta Decl. at ¶¶ 4-14). Accordingly, MGLLC cannot recover against Acosta or

his d/b/a QVG on its contractual and quasi-contractual claims.

Second, MGLLC's fraud and other tort-based claims merely repackage its non-

viable breach of contract action and fail for the same reason. MGLLC claims that it was "injured

because it entered into the contract with QVG expecting to be timely paid by the QVG corporate

entity." (Pl.'s Reply at 4, Doc. 11). The undisputed evidence, however, shows that no contract

existed between MGLLC and QVG. Thus, there is no reasonable basis for the court to predict

that MGLLC might be able to recover against Acosta and QVG on these claims in state court.

*See Smallwood*, 385 F.3d at 573.

For these reasons, the court finds that Acosta was improperly joined in order to

defeat diversity of jurisdiction. Discounting Acosta's citizenship, complete diversity exists

between the parties and removal was proper.

B.     The Timing of Removal under 28 U.S.C. § 1446(b)

The timeliness of removal in a civil case is governed by section 1446(b), which

states as follows:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through
> service or otherwise, of a copy of the initial pleading setting forth
> the claim for relief upon which such action or proceeding is based,
> or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is
> not required to be served on the defendant, whichever period is
> shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  In cases involving multiple defendants, all served defendants must join in the petition of removal no later than thirty days from the day on which the first defendant was served.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988); *see also Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379-381 (S.D. Tex. 2006) (explaining that the *Getty Oil* first-served rule is not accepted in all jurisdictions but remains the applicable standard in the Fifth Circuit).  Failure to properly and timely join all defendants renders removal improvident within the meaning of 28 U.S.C. § 1447(c), which typically requires remanding the case to state court.  *See Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

In cases of improper joinder, however, the 30-day time period begins to run from the time the improper joinder is discovered rather than from the date of service of an improperly joined defendant.  *See Baden v. Nabisco*, 224 F.3d 382, 390 n. 13 (5th Cir. 2000) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)); *see also Henderson v. Ford Motor Co.*, 340 F. Supp. 2d 722, 724 n.2 (N.D. Miss. 2004). The Removing Defendants claim that they could not have discovered the improper joinder of Acosta, assuming such improper joinder exists, before the date they actually received a copy of Plaintiff's petition, or October 15, 2007.  MGLLC has not disputed that the Removing Defendants did not receive notice until this date.  Thus, the notice of removal was timely filed, and remand is not appropriate.

III.     CONCLUSION

      Accordingly and for all the reasons explained above, it is hereby

      ORDERED that Plaintiff MGLLC's motion to remand (Doc. 5) is DENIED.

      SIGNED at Houston, Texas, this 29th day of September, 2008.

                              MELINDA HARMON
                    UNITED STATES DISTRICT JUDGE