UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARINE GEOTECHNICS, LLC, } | |
| Plaintiff, } | |
| VS. } | CIVIL ACTION NO. H-07-3499 |
| } | |
| GARETH WILLIAMS; dba PROBEX } | |
| EXPLORATION SERVICES, LTD., *et al*, } | |
| Defendants. } | |

## **OPINION & ORDER**

Pending before the Court are Defendant Stephen C. Mumford's ("Mumford") Motion to Dismiss (Doc. 26); Defendant Gareth Williams' ("Williams") Motion to Dismiss (Doc. 27); and the responses, and replies thereto. For the reasons explained below both Motions (Doc. 26 & Doc. 27) are DENIED.

I.   **Background & Relevant Facts**.

Presently before the court are Defendants Mumford and Williams' motions to dismiss for insufficiency of service of process or alternatively to quash service of process. This case arises out of losses incurred operating an oil platform in the Gulf of Mexico owned by Pemex, Mexico's national oil company. Plaintiff Marine Geotechnics, LLC, ("Marine Geotechnics") entered into business dealings with both Mumford and Williams whereby they, and other persons, submitted a bid to work on the Pemex platform. Both Mumford and Williams used business cards of Probex Exploration Services, Ltd. ("Probex") in their dealings with Marine Geotechnics.

Plaintiff sought to serve both Mumford and Williams and relied on the information provided on the Probex cards, which gave their location in the United Kingdom.

Because service was to be accomplished abroad, Plaintiff proceeded in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention), to which both the United States and the United Kingdom are signatories. Accordingly, on March 13, 2007, Plaintiff and a notary of the District Court of Harris County forwarded the Summons, Plaintiff's Original Petition and Order, for service upon Mumford d/b/a/ Quest Veritas Geosciences as well as Gareth Williams d/b/a ProbeX Exploration Services, Ltd. to the Central Authority in London, England.  The designated Central Authority authorized to receive and effect the service of judicial documents in England is the Senior Master of the Supreme Court.  On March 19, 2007, the Central Authority returned Certificate of Services for each defendant stating that "the document has not been served, by reason of the following facts . . . The Defendant has left the address given (whereabouts unknown)."

Plaintiff then obtained a new address for both parties allegedly "verified by multiple sources."  Employing this new address, Plaintiff again had its summons, petition and order sent via the Central Authority.  This time, the Central Authority, on August 15, 2007, returned a Certificate of Service attesting to successful service upon both Mumford and Williams.  The Certificates stated that service was made upon Alice Leyland ("Leyland"), "Company Secretary" who was "Authorised to accept Service on behalf of Company." According to Defendants, this address was that of UK Plc., a company that was the registered agent of Probex, but not of either Mumford or Williams.  Leyland was the company secretary of UK Plc.  She returned to plaintiff's counsel and the 333rd Judicial District Court of Harris County the papers served,  refusing to accept them.

Subsequently, both Mumford and Williams retained counsel in the present lawsuit and filed a detailed answer to plaintiff's complaint (Doc. 10).

## II.     Analysis.

Both Defendants seek dismissal under Fed. R. Civ. P. 12(b)(4) and (5). According to Fed. R. Civ. P. 12(b)(4) the movant may request the court to dismiss the action for "insufficiency of process," which is usually understood to relate to problems of form such as mis-naming the party to be served.  According to Fed. R. Civ. P. 12(b)(5), the movant may request the court to dismiss the action for "insufficiency of service of process," which allows the movant to attack the method of process. *See generally*, Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE, § 1353 (3rd Ed. 2004).  Here the question is properly one of service of process, as neither Mumford nor Williams contest that the papers were not addressed to them.

The Hague Convention provides for service from abroad through a "Central Authority."  Hague Convention, art. 2. Each state's Central Authority is designated to receive judicial documents from parties abroad. *Id*. The Convention states that the "authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention." *Id*. art. 3. The annexed model specifies forms for a "Request for Service Abroad of Judicial or Extrajudicial Documents," a "Certificate" of service on the reverse of the request, a "Summary of the Document to be Served," and a cover sheet for the documents. The Central Authority checks the documents for compliance with the Convention, serves them in accordance with its own law, and returns to the party requesting service a certificate that the documents have been served. *Id*., art. 4,5,6.

As required by Article 3, Marine Geotechnics forwarded to the English Central

Authority a "request For Service Abroad," a "Certificate," a "Summary," and an Original Petition.  Pursuant to Article 6, the English Central Authority returned a certificate that stated that the documents referred to in Marine Geotechnic's request (the summons, complaint and summary) had been served on August 15, 2007 by delivery on Leyland, "company secretary."

Defendants contend that the documents with which they were served did not comply with the Convention. The English Central Authority's return of a completed certificate of service is *prima facie* evidence that the Authority's service on Defendants was made in compliance with the Convention. *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1389 (8th Cir. 1995) (holding same).  As in the case of Defendants' contention that the Central Authority's service did not comply with English law, which the Court discusses below, Defendants do not contend that they lacked actual notice of the proceedings nor that the alleged technical deficiencies prejudiced them in any way.

Defendants further contend that service of process was improper because the Central Authority did not comply with English procedural law. The English Central Authority's return of a completed certificate of service is *prima facie* evidence that the Authority's service on Defendants was made in compliance with English law. The Convention requires that the Central Authority serve the documents by a method specified by its own law or by the sender that complies with local law and reserves to the Central Authority the right to object to documents if they do not comply with the Convention. By not objecting to the documents and by certifying service the Central Authority indicated that the documents complied with the Convention and that it had served them in compliance with the Convention, i.e., that it had made service as English law required.  Defendants' main objection is that only Probex, as a corporate entity, had accepted that UK Plc. would act as its registered agent. Neither Mumford nor Williams as

individuals had given such permission. Thus, their objection is that Leyland properly refused to accept service for them. To address this concern, however, would require the Court to look beyond the Certificate of Service and delve into English procedural law. Following the guidance of the Eighth Circuit *in Northrup King Co.*, 51 F.3d at 1390, this Court finds such inquiry unnecessary.

Because the Certificate of Service is sufficient proof that service was properly effectuated upon both Defendants, the Court denies their motions to dismiss for insufficiency of service of process.

## II. Conclusion.

Accordingly, it is hereby ORDERED that Mumford's Motion to Dismiss (Doc. 26) is DENIED;

And, it is further ORDERED that Williams' Motion to Dismiss (Doc. 27) is DENIED.

SIGNED at Houston, Texas, this 13th day of July, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE