UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARINE GEOTECHNICS, LLC, | } | |
| | } | |
| Plaintiff, | } | |
| VS. | } | CIVIL ACTION NO. H-07-3499 |
| | } | |
| GARETH WILLIAMS; dba PROBEX | } | |
| EXPLORATION SERVICES, LTD., *et al*, | } | |
| | } | |
| Defendants. | } | |

## OPINION & ORDER

Pending before the Court is Plaintiff Marine Geotechnics, LLC's ("Marine Geotechnics") Motion for Reconsideration of Motion to Remand (Doc. 25); and the response thereto. Also pending before the Court is Defendant Alejandro Acosta's ("Acosta") Motion to Dismiss (Doc. 33) and the response thereto. For the reasons explained below, the Court DENIES the Motion for Reconsideration and GRANTS the Motion to Dismiss.

## I.      BACKGROUND AND RELEVANT FACTS

The dispute in this case concerns a geotechnical project in the Gulf of Mexico for Pemex, the Mexican national oil company (the "Pemex Project"). Marine Geotechnics, a Texas limited liability company doing business in Harris County, Texas, is a geotechnical consulting firm. (*See* Pl.'s Orig. Pet. ¶ 15, Doc. 1 Ex. A). According to its original petition, Marine Geotechnics alleges that, in 2005, it entered into a "joint venture" with Coastal Marine Construction & Engineering Ltd. ("COMACOE"), Blue Marine Technology-Offshore Services/Subtec[1] ("Subtec"), Probex, Mumford, Williams, and Alejandro C. Acosta ("Acosta")

---

[1]      It appears this entity was misnamed in Plaintiff's original petition. In Marine Geotechnics's first amended original complaint (Doc. 17), the correct name is "Subtec, S. A. De C.V." For the sake of simplicity, the court shall continue to refer to this entity as "Subtec."

to bid on the Pemex Project.  (*Id.*).  For its part in the project, Marine Geotechnics performed geotechnical analysis of ocean floor samples by providing laboratory personnel and equipment. (*Id.*).  According to Marine Geotechnics, the "joint venture was to be carried on through an entity called Quest Veritas Geosciences or QVG which was to be a newly formed Texas Corporation." (*Id.*).

Marine Geotechnics claims that, at the request of Mumford, Williams, and Acosta, it ordered additional equipment and supplies for QVG's use, "with the understanding that QVG would pay for these goods."  (*Id.* at ¶ 16).  Marine Geotechnics alleges that it has not been paid for the personnel and equipment that it provided.  (*Id.*).

On January 23, 2007, Marine Geotechnics filed suit against Acosta, d/b/a QVG; Mumford, d/b/a QVG; Sanjeeve Rai ("Rai"), d/b/a COMACOE; COMACOE; Alfredo Reynoso Durand ("Durand"), d/b/a Subtec; Subtec; Williams, d/b/a Probex; and Probex in the 333rd Judicial District Court, Harris County, Texas.  In its original petition, Marine Geotechnics asserted causes of action for breach of contract, *quantum meruit*, breach of fiduciary duty, conversion, negligence, tortious interference, and fraud, as well as a request for its attorney's fees.

Acosta, a resident of Harris County, Texas, was served with process on March 26, 2007, and, thus, was the first defendant served.  (*See* Return of Service, Doc. 5 Ex. A).  It is undisputed that Acosta is a citizen of Texas.  Defendants removed the action to this Court. Plaintiff then sought remand to state court, arguing a lack of complete diversity due to Acosta's Texas citizenship.  The Court, by its Order of September 29, 2008, denied remand, finding that Acosta had been "improperly joined."  On October 21, 2008, Marine Geotechnics filed its motion for reconsideration of the Order denying remand.

II.        **Procedural Posture and the Relevant Standard of Review**

Although Plaintiff fails expressly to invoke the provision governing motions for reconsideration, such are generally considered cognizable under either Federal Rule of Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990).  Further, "[u]nder which Rule the motion falls turns on the time at which the motion is served … If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id*. Because Plaintiff brought its motion for reconsideration after ten days from entry of judgment, reconsideration can only be given within the stricter limitations of Rule 60(b).  To do otherwise would be an abuse of discretion.  *Lavespere*, 910 F.2d at 173.

Under Rule 60(b), in order to prevail Marine Geotechnics must demonstrate they are entitled to relief from the judgment denying remand due to: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards.  *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991) (internal citation omitted).  Plaintiff neglects to argue any specific grounds for relief from judgment and proceeds to present new arguments for denying remand as if the issue had not already been briefed.  Thus, presumably the Court retains discretion only to grant relief from judgment under Rule 60(b)(6) "for any other reason justifying relief

from the operation of judgment."   Rule 60(b)(6) relief is granted only in "extraordinary circumstances."  *Ackermann v. United States*, 340 U.S. 193, 199 (U.S. 1950).[2]

### III.      Analysis.

In its motion for reconsideration, Marine Geotechnics raised only further briefing on why Acosta was not "improperly joined."   A party seeking to invoke the federal courts' removal jurisdiction by alleging fraudulent or improper joinder "bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).  To establish improper joinder, the removing party must show: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)).  The first method is not applicable in this case because the removing defendants have not alleged actual fraud in the pleading of jurisdictional facts.   Under the second method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Thus, the issue is whether there is a viable cause of action against Acosta.  The Court found that the contract and quasi-contract theories alleged by Plaintiff were not viable because Acosta had established he was the disclosed agent for COMACOE, and, as such, was not personally liable on any contract with Marine Geotechnics.  Further, the Court found that the allegations of tort causes of action were in fact "repackaged" forms of the contract causes of

---

[2]       Had Plaintiff brought its motion within ten days of entry of judgment, the standard of review would be the more lenient Rule 59(e) standard, whereby Plaintiff need only demonstrate a "manifest error of law" to obtain reconsideration.  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

action, and, thus, they too were precluded.  At this juncture Marine Geotechnics would have the Court consider arguments that 1) agency was not properly established; 2) a fraud action can be made out against Acosta separate from contractual causes of action; and 3) because Acosta may be a partner in QVG he may be personally liable on the breach of contract despite his purported agency.  These arguments do not fall into the extraordinary circumstances for which a Court may grant relief.  *See, e.g.*, *Klapprott v. United States*, 335 U.S. 601, 614 (U.S. 1949) (petitioner held in jail without funds to afford counsel demonstrated extraordinary circumstances deserving of relief from judgment.)

### III.      Conclusion.

Plaintiff has failed to demonstrate entitlement to relief from judgment under Rule 60(b) as its motion for reconsideration is limited to disputing the correctness of the judgment rather than requesting relief for some extraordinary circumstance or other specific circumstance allowed by Rule 60(b).               Accordingly, it is hereby

ORDERED that Plaintiff Marine Geotechnics' Motion for Reconsideration (Doc. 25) is DENIED;

The Court has already determined that no viable cause of action was pled against Acosta, it is appropriate to grant Acosta's motion for dismissal from this case.  Accordingly, it is further

ORDERED that Defendant Acosta's Motion to Dismiss (Doc. 33) is GRANTED and  Alejandro Acosta is hereby DISMISSED from this case.

SIGNED at Houston, Texas, this 13th day of July, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE