UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARINE GEOTECHNICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-07-3499 |
| | § | |
| GARETH WILLIAMS; dba PROBEX | § | |
| EXPLORATION SERVICES, LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION & ORDER**

Pending before the Court is Defendants Gareth Williams ("Williams"), Probex Exploration Services, Ltd. ("Probex"), and Stephen C. Mumford's ("Mumford") (collectively, the "Moving Defendants") Motion to Dismiss and Motion for Summary Judgment (Doc. 53), as well as Plaintiff Marine Geotechnics, LLC's ("MGLLC") response (Doc. 55), the Moving Defendants' reply (Doc. 57), and Plaintiff's sur-reply (Doc. 58). Upon review and consideration of this motion, the relevant legal authority, and for the reasons explained below, the Court finds that the Moving Defendants' motion to dismiss and motion for summary judgment (Doc. 53) should be granted in part and denied in part.

I.  Background and Relevant Facts

This contract case was removed to federal court pursuant to diversity jurisdiction. (*See* Docs. 23 and 25.)  Plaintiff MGLLC is a geotechnical consulting firm with a principal place of business in Harris County, Texas.  The dispute concerns a geotechnical project (the "Project") in the Gulf of Mexico for Petróleos Mexicanos ("Pemex"), Mexico's state-owned petroleum company. (Doc. 17 at ¶ 16.)

MGLLC alleges that in 2005, Defendants Coastal Marine Construction & Engineering Ltd. ("COMACOE"), Subtec S.A. de C.V. ("Subtec"), and C&C Technologies, Inc. ("C&C") formed a joint venture with the intent to bid on the Pemex Project. (*Id.*) Within the joint venture, Subtec was responsible for communications with Pemex and the Mexican government, invoicing, and payment collections, C&C was responsible for acquisition of geophysical data, and COMACOE was responsible for acquisition of geotechnical data. (*Id.*) For its part in the project, MGLLC performed geotechnical analysis of ocean floor samples by providing laboratory personnel and equipment for use in the Pemex Project. (*Id.* at ¶ 20.)

Plaintiff contends that Quest Veritas Geosciences ("QVG") is the general partnership formed to assist COMACOE in providing services to the joint venture for the Pemex Project; its partners include Acosta, Mumford, COMACOE, Williams, Probex, Subtec, and Alfredo Reynoso Durand ("Durand"). (*Id.* at ¶ 17.) Further, or alternatively, Plaintiff MGLLC alleges that QVG was an agent for an undisclosed principal—either COMACOE, Acosta, Mumford, or the joint venture as a whole. (*Id.*)

According to MGLLC, Acosta, Mumford, COMACOE, Williams, Probex, Subtec, and/or Durand represented to MGLLC that "QVG was to be a newly formed Texas corporation." (*Id.* at ¶ 19.) MGLLC claims that, at the request of Mumford, Williams, and Acosta, it "ordered additional equipment and supplies for use in the Pemex Project with the understanding that QVG would pay for these goods." (*Id.* at ¶ 22). MGLLC alleges that it has not been paid for the personnel, equipment, supplies, and services that it provided to the Pemex Project. (*Id.* at ¶¶ 23–24.)

On January 23, 2007, Plaintiff Marine Geotechnics, LLC filed suit against Defendants in the 333rd Judicial District Court of Harris County, Texas. *Marine Geotechnics, LLC v. Alejandro*

*C. Acosta d/b/a Quest Veritas Geosciences, et al.*, Cause No. 2007-03967. Defendants Gareth Williams, Probex Exploration Services, Ltd., and Stephen C. Mumford removed the action to this Court on October 23, 2007, pursuant to 28 U.S.C. § 1332(a). (Doc. 1.) Plaintiff filed its First Amended Complaint (Doc. 17) on May 8, 2008, alleging breach of contract, *quantum meruit*, conversion, negligence, and fraud. (Doc. 17 at 7–11.) Plaintiff seeks actual damages, as well as attorneys' fees and costs. (*Id.* at 11–12.) Defendants Gareth Williams, Probex Exploration Services, Ltd., and Stephen C. Mumford now move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, summary judgment pursuant to Rule 56(b). (Doc. 53.)

II. Legal Standards

    A. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 1974. However, "[a] motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted." *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal citations and quotations omitted). The "Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986)). Nevertheless, conclusory allegations and

unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

    B.  <u>Legal Standard for Summary Judgment</u>

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in

original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136

F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). The party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

III. Discussion

Plaintiff MGLLC contends that it had an oral contract for the sale of goods and services with QVG. The Moving Defendants argue that they are entitled to dismissal or summary judgment because, as disclosed agents of their principal, COMACOE, they cannot be held individually liable to Plaintiff MGLLC on an agreement between the MGLLC and COMACOE. Under Texas law, "[i]t is well established that an agent acting for a disclosed principal is not liable for claims arising out of contracts executed by the agent on behalf of its principal." *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 428 (5th Cir. 2003). The Moving Defendants analogize their position to that of insurance agents who cannot be held liable if their insurance company fails to honor a policy. (Doc. 53 at 10.) But "[t]he question of whether [the Moving Defendants] disclosed the identities of [their] principals . . . and thus [are] even able to claim agency immunity in the first place, is a factual question that"

cannot be resolved by the Court at this stage in light of the evidence in the record before it. *Instone*, 334 F.3d at n.2. Whether there was an enforceable oral agreement, who the parties to that agreement were, and whether the Moving Defendants disclosed their agency are questions that cannot be answered from the pleadings and summary judgment evidence.

Plaintiff MGLLC also asserts an equitable claim for *quantum meruit*, a theory of recovery "based on an implied agreement to pay for benefits received." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citing *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)). "To recover under the doctrine of *quantum meruit*, a plaintiff must establish that: 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Id.* However, equitable relief is generally barred when a relationship is governed by a valid, enforceable, express contract. *Inglish v. Prudential Ins. Co. of Am.*, 928 S.W.2d 702 (Tex. App.—Houston [1st Dist.] 1996, *writ denied*) (*quantum meruit* and unjust enrichment are predicated on absence of express contract controlling the circumstances); *Tiger Truck, LLC v. Bruce's Pulp and Paper, LLC*, 282 S.W.3d 176, 184 (Tex. App.—Beaumont 2009, *no pet.*) ("Because a valid contract existed, the theory of promissory estoppel does not apply."); *Prince v. Miller Brewing Co.*, 434 S.W.2d 232, 240 (Tex. Civ. App.—Houston [1st Dist.] 1968,*writ ref'd n.r.e.*) (same); *Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) ("When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement.").

Here, Plaintiff MGLCC claims it had a valid, enforceable, oral control with QVG, which, if proven, would prevent recovery in *quantum meruit*. However, MGLLC argues, in the

alternative, that, if the Moving Defendants were disclosed agents, MGLLC should be allowed to recover from them individually on equitable grounds. This claim fails because MGLLC cannot point to any evidence tending to show that its goods and services were accepted by the Moving Defendants "under such circumstances as reasonably notified [them] that the plaintiff . . . expected to be paid *by the recipient*." *Heldenfels Bros.*, 832 S.W.2d at 41 (emphasis added). Cary Honganen ("Honganen"), the founder and manager of MGLLC, sent an e-mail to Williams on September 13, 2006, stating, "I want to remind you that I am sending this gear in good faith. MGLLC paid for the gear and has yet to receive any compensation from Comacoe." (Doc. 55-1 at 14–15.) Williams responded that "[a]ll goods will be paid for, that is an assurance." (*Id.* at 15.) This e-mail exchange appears to indicate that both Honganen and Williams understood payment was to come from COMACOE. Alternatively, Plaintiff's complaint contends that it ordered "equipment and supplies for use in the Pemex Project with the understanding that QVG would pay for these goods." (Doc. 17 at ¶ 22). Plaintiff was expecting payment from either COMACOE or QVG, not the individual Moving Defendants. For this reason, they cannot be held individually liable in *quantum meruit*.

With regards to Plaintiff's fraud theory, under Texas law, MGLLC must show that the Moving Defendants made (1) a material representation; (2) that was false when made; (3) that the Moving Defendants either knew the statement to be false or made the assertion without knowledge of its truth; (4) that the Moving Defendants intended MGLLC to act on the statement; (5) that it actually relied upon the statement in so acting; and (6) that it was injured as a result. *Malacara v. Garber*, 353 F.3d 393, 403–04 (5th Cir. 2003). MGLCC alleges that the Moving Defendants' representation that QVG would be incorporated in Texas was knowingly false, made with the intent to induce Plaintiff to work for QVG, and that it actually had that effect, to

8 / 10

the Plaintiff's detriment. However, Plaintiff fails to point to any evidence indicating that this representation was in fact false or made without knowledge of its truth. Had the Moving Defendants incorporated QVG as Plaintiff contends they promised to do, the corporation would likely have shielded the Moving Defendants from individual liability. Because MGLCC fails to point to any material representations made by the Moving Defendants that were false at the time, nor shown that they were made knowingly or without regard to their truth, this claim fails.

Plaintiff MGLLC's claims of conversion and negligence are likewise unavailing. In Texas, the elements of common law negligence are: (a) a legal duty to use due care; (b) breach of such legal duty; (c) proximate causation, or breach as the "substantial factor" of the resulting injury; and (d) damages. *Kroger v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *see also Morin v. Moore*, 309 F.3d 316, 326 (5th Cir. 2002). MGLLC contends that the Moving Defendants "assumed a duty to safeguard parts, supplies, and equipment owned by Marine Geotechnics . . ." and that they "breached this duty by allowing unknown parties to remove these parts, supplies, and equipment from the vessel." (Doc. 17 at ¶¶ 44–45.) Without pleading additional facts, the Defendants had no generalized duty to "safeguard." *See Toles v. Toles*, 113 S.W.3d 899, 914 (Tex. App.—Dallas 2003, *pet. denied*) ("It is fundamental that a legal duty must exist before a defendant is held liable for negligence."). MGLLC's conversion claim is likewise dismissed, as Plaintiff fails to plead any facts supporting its allegation that Defendants "removed the personal property belonging to Marine Geotechnics from the vessel and wrongfully exercised dominion or control over the property." (Doc. 17 at ¶ 40.)

IV. Conclusion

Accordingly, it is hereby ORDERED that Defendants Gareth Williams, Probex

Exploration Services, Ltd., and Stephen C. Mumford's Motion to Dismiss and Motion for Summary Judgment (Doc. 53) is GRANTED IN PART and DENIED IN PART. Plaintiff Marine Geotechnics, LLC's common law causes of action for *quantum meruit*, conversion, negligence, and fraud, are hereby DISMISSED.  The remaining claim for breach of contract will need to be tried.

SIGNED at Houston, Texas, this 8th day of February, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE