UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARINE GEOTECHNICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-07-3499 |
| | § | |
| GARETH WILLIAMS d/b/a PROBEX | § | |
| EXPLORATION SERVICES, LTD., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are Plaintiff Marine Geotechnics, LLC's ("MGLLC") Motion for Summary Judgment as to Defendants Quest Veritas Geosciences ("QVG") and Stephen Mumford ("Mumford") and Motion for Entry of Default Judgment Against Defendants Sanjeeve Rai ("Rai") and Coastal Marine Construction & Engineering, Ltd. ("COMACOE"). (Doc. 65). Upon review and consideration of Plaintiff's motions and the relevant legal authority, the Court finds that the motions should be granted.

I.  Background and Relevant Facts

On October 6, 2009, the Court entered default against Defendants Rai and COMACOE. (Doc. 54.)  On February 8, 2010, the Court issued its Opinion and Order in the case, outline the factual and procedural background of the case and dismissing all but one of Plaintiff's claims. (Doc. 60.)  At a hearing on February 12, 2010, Plaintiff MGLLC announced that it settled its remaining breach of contract claim with Defendants Gareth Williams and Probex Explorations Services, Ltd.  (Doc. 62.)  At that time, the Court permitted Defendant Mumford's attorney to withdraw after Mumford refused to communicate with his attorney or the other defendants. (Doc. 61 at 2; Doc. 63.)  Despite the Court's order of July 22, 2010, now *pro se* Defendant

Mumford has not responded to MGLLC's motion for summary judgment.  (Doc. 66.)  That order was returned as undeliverable from Mumford's last known address in England.  (Doc. 67.)

## II.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material

fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).   Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party.   *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988).   The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.   *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).   There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Anderson*, 477 U.S. at 248.

III.  Discussion

"In Texas, '[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.—Houston [14th Dist.] 2005, pet. denied)).   A valid contract is formed by (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms and (5) execution and delivery of the contract with the intent that it be mutual and binding.   *Vt. Info. Processing, Inc. v. Mont. Beverage Corp.*, 227 S.W.3d 846, 853 (Tex. App.—El Paso 2007, no pet.); *Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App.—Tyler 2004, pet. denied).   The elements of written and oral contracts are the same.   *See, e.g., Critchfield*, 151 S.W.3d at 233.   In the case of oral contracts, courts look to the communications between the parties and to the acts and circumstances

surrounding those communications. *Id.*

Here, Plaintiff MGLLC has submitted summary judgment evidence supporting the essential elements of a binding contract between itself and QVG and Mumford.  (Honganen Decl., Doc. 65-1.)  MGLLC offered to provide geotechnical goods and services to Defendant QVG on a shortened mobilization period so that QVG could be awarded the contract from Pemex, the Mexican national oil company.  (*Id.* at ¶¶8–10, 12, 15–16.)  Mumford and QVG accepted MGLLC's offer and Mumford began working out of MGLLC's office.  (*Id.* at ¶15.) MGLLC set up an offshore mobile geotechnical testing laboratory for use on the RV Ocean Leader, a vessel charted by QVG.  (*Id.* at ¶12.)  QVG paid MGLLC in part for the goods and services MGLLC provided under this contract.  (*Id.* at ¶14.)  On two separate occasions, QVG made payments towards invoices MGLLC provided for the goods and services provided. MGLLC's performance included assisting in the mobilization of the RV Ocean leader in the ports of Galveston, Corpus Christi and Paraiso, Mexico.  (*Id.* at ¶12.)  Moreover, MGLLC produced evidence that QVG and Mumford breached the contract by failing to pay MGLLC for all of the goods and services it provided.  (*Id.* at ¶¶16, 19.)  MGLLC invoiced QVG for $425,754.95 and was only paid $135,000.00.  (*Id.* at ¶16.)  Mumford and others involved in QVG made wire transfers to MGLLC's account of $35,000.00 on February 9, 2006 and $50,000.00 on May 3, 2006.  (*Id.*)  MGLLC also received $50,000.00 from Subtec, S.A. de C.V. for the work performed under the contract with QVG.  (*Id.*)  As a result, MGLLC sustained damages in the amount of $290,754.95, the balance of unpaid invoices.

Plaintiff MGLLC's properly submitted summary judgment evidence meets all the essential elements of its claim for breach of an oral contract and shifts the burden to Defendants QVG and Mumford of coming forward with evidence that raises a material question of fact for

trial.  QVG and Mumford failed to respond and therefore fail to meet this burden.  Summary judgment in favor of MGLLC is proper.

Plaintiff MGLLC also seeks to recover its attorneys' fees of $71,231.71, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.  A person may recover reasonable attorneys' fees, in addition to the amount of a valid claim and costs, if the claim is for rendered services, performed labor, furnished material or an oral or written contract.  Tex. Civ. Prac. & Rem. Code Ann. § 38.001.  To recover attorneys' fees under Chapter 38 the claimant must (1) be represented by an attorney, (2) present the claim to the opposing party or to a duly authorized agent of the opposing party, and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.  Tex. Civ. Prac. & Rem. Code Ann. § 38.002.  MGLLC provides the declaration of its attorney, Robert B. Boemer ("Boemer"), regarding the reasonableness and necessity of the attorneys' fees incurred by MGLLC in prosecuting this lawsuit.  (Doc. 65-2.)  The Court finds that the attorneys' fees requested are reasonable for this case and supported by Boemer's affidavit.

Defendants Rai and COMACOE are in default.  (See Doc. 54.)  Rai is not a minor or incompetent person.  Neither Rai nor COMACOE have appeared in this action.  MGLLC is therefore entitled to a default judgment against Rai and COMACOE.  Defendants Rai, COMACOE, QVC, and Mumford and jointly and severally liable for MGLLC's damages.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Marine Geotechnics, LLC Motion for Summary Judgment as to Defendants Quest Veritas Geosciences and Stephen Mumford and Motion for Entry of Default Judgment Against Sanjeeve Rai and Coastal Marine Construction & Engineering, Ltd. (Doc. 65) are **GRANTED**.

SIGNED at Houston, Texas, this 18th day of January, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE